## Case No. 8,400.

### LITTLEFIELD v. DELAWARE & H. CANAL CO.

[3 Cliff. 371; [1] 4 N. B. R. 257 (Quarto, 77).]

Circuit Court, D. Massachusetts. May Term, 1871.

BANKRUPTCY — REVISION AFTER FINAL DECREE— SUFFICIENCY OF PETITION FOR REVIEW.

1. Under section 2 of the bankrupt act [of 1867 (14 Stat. 517)], which provides that "the circuit court within and for the district where the proceedings shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act," a petition for a revision of the decree of the district court refusing a discharge, may be entertained, although such decree was a final one, and no proceedings were actually pending in the district court when the petition for revision was made.

2. The word "pending" does not mean that the circuit court can take jurisdiction of a petition for revision only while proceedings are actually pending, and before a final decree, in the district court.

3. Discharge by a final decree was refused an alleged bankrupt in the district court, May 12, and his petition for revision was filed in the circuit court, June 30 following. Held, there was no ground, in the absence of a rule limiting the time in which such petitions should be filed, to deprive the petitioner of a rehearing on account of delay.
[Cited in Sweatt v. Boston H. & E. R. Co., Case No. 13,684; First Nat. Bank v. Cooper, 20 Wall. (87 U. S.) 177; Re Murray, Case No. 9,953; Re Beck, 31 Fed. 555.]

4. An allegation, in a petition to the circuit court under section 2 of the bankrupt act, for revision, that he has conformed to the provisions of the act and is aggrieved because the prayer of his petition for discharge was refused, is not sufficient.
[Cited in Re Masterson, Case No. 9,268.]

5. The petition for revision must state in what the error consists, whether it be of law or fact; and the nature of the alleged error should be distinctly stated for the information of the appellate court and as notice to the opposite party.
[Cited in Re Sutherland, Case No. 13,636; Re Masterson, Id. 9,268; Coggeshall v. Potter, Id. 2,955; Re South Boston Iron Co., Id. 13,183.]

[In review of the action of the district court of the United States for the district of Massachusetts.]

This was a petition by [Hiram Littlefield] an alleged bankrupt for revision of a final decree of the district court refusing him a discharge from his debts under his original application.

J. C. Perkins, for petitioner.

Caleb Lamson, for respondents.

Before CLIFFORD, Circuit Justice, and SHEPLEY, Circuit Judge.

CLIFFORD, Circuit Justice. Leave to amend the petition was asked and granted in this case before the parties were heard upon the issues involved in the pleadings. As amended the allegations of the petition are, that the petitioner has conformed in all respects to the provisions of the bankrupt act, and that he, the petitioner, verily believes that he is entitled to a certificate of discharge from all his debts provable under that act, and that he is aggrieved by the refusal of the district court to grant him such a discharge. Therefore he prays that he may have a hearing in this court upon the matter of his discharge, and that the decision of the district court refusing the same may be reviewed and reversed, and that a discharge may be granted to him pursuant to his petition. Order of notice was granted on the petition for review filed in this court, and on the return day named in the order the creditors named in the petition appeared and demurred to the petition, showing the following causes of demurrer:—

1. That the petitioner has not prayed for any relief. 2. That he has not specified what

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

further proceedings, if any, are desired in his case. 3. That he does not allege that there was, at the time he filed his petition in this court, any matter pending in the district court to which his petition could apply. 4. That the rights of the respondents as creditors to hold and dispose of their claims, and maintain an action at law on the same against the petitioner, had, before he filed his petition in this court, vested in them under and by virtue of the decision and judgment of the district court, that he was not entitled to a discharge from his debts. 5. That the petitioner was guilty of unreasonable delay in filing his petition. 6. That the circuit court has no jurisdiction of the petition to revise the decision and judgment of the district court refusing to grant to the petitioner a certificate of discharge from his debts under the bankrupt act.

Remarks in respect to the first and second causes of demurrer are unnecessary, as they are obviated by the amendment filed by leave of court, which prays that he may be decreed by the court to have a full discharge from all his debts provable under the bankrupt act, and that a certificate thereof may be granted to him as therein provided.

Evidently there is no merit in the third cause of demurrer, as there could not be any ground of complaint before the decision of the district court was rendered. Had the petition been filed before the decision was rendered, the decisive answer to it would have been that it was premature, and if it cannot be filed afterward, then the provision is nugatory, which cannot be admitted. By section 2 of the bankrupt act it is enacted "that the circuit court within and for the district where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act."

Reliance is placed upon the word "pending" as giving support to the proposition that it is only while the proceedings are actually pending in the district court, that the circuit court can take jurisdiction of a petition like the one under consideration. Interlocutory orders, it is conceded, may be revised, but the argument is, that a final decree terminates the appellate jurisdiction of the circuit court, as the matter from that moment ceases to be pending in the district court. Matters involved in a final hearing can only be disposed of by final decree, and if they cannot be revised after they have been disposed of in the district court, then they cannot be revised at all, as it is clear that the orders and decrees of a subordinate court cannot be revised before they are made. Manifestly the construction assumed by the respondent is one which cannot be sustained, as it would defeat the obvious intention of congress, which was to subject every ruling order and decree of the district court in such cases to the re-examination and revision of the circuit court, nor is it necessary to adopt that view

in order to give full effect to every word of the section. Jurisdiction is conferred upon the circuit court within the district where the proceedings shall be pending, but the meaning of congress in employing that language was to describe the particular circuit court in which the jurisdiction should be exercised, and not the state of the matters to be revised, as it is clearly the intention of congress that all such matters should be subject to revision in the circuit court, whether interlocutory or final. Revision must be sought in the circuit court of the district where the proceeding took place which the petitioner asks to have revised, but he is not deprived of a remedy, because the decree is in its nature final. In re Reed [Case No. 11,638]; Ruddick v. Billings [Id. 12,110].

The power of congress to pass the bankrupt act is not questioned, and it is equally clear that congress may create a special tribunal to execute it, or may confer that jurisdiction upon the district and circuit courts created by the judiciary act. Decrees of the district courts are final in the constitutional sense, although they are rendered under an act of congress which makes them subject to revision by the circuit court, and consequently the right of such revision is not inconsistent with the interest which the opposite party acquires in the decree. Rendered, as the decree is, subject to legal revision in the circuit court, no party acquires or can acquire any interest in the decree to defeat the right of such revision. Argument upon this topic is unnecessary, as the final judgments and decrees of every subordinate court are rendered subject to re-examination and revisal upon due proceedings in the court of paramount jurisdiction.

Unreasonable delay in filing the petition for revision is the next objection. Authority to apply for such a revision is conferred by the act of congress, and it prescribes no limitation as to the time within which the application must be made. Rules and regulations were adopted by the supreme court, but they do not prescribe any such limitation, nor has any such been adopted by this court. The discharge was decreed on the 12th of May, 1869, and the petition was filed on the 30th of June in the same year. Special injury is neither alleged nor proved, and the court is of the opinion, in view of all the circumstances, that the petition ought not to be rejected because it was not filed at an earlier day. Until some rule is adopted upon the subject, the court will not deprive the petitioner of a hearing on that ground unless the delay is manifestly unreasonable or has operated to the prejudice of the respondent.

Want of jurisdiction is the remaining objection alleged as a cause of demurrer; but the point is without merit, as the jurisdiction is conferred in language too plain to be misunderstood.

Neither of the alleged causes of demurrer, therefore, can be sustained; but the petition,

upon another ground, is clearly insufficient. Objections available under a general demurrer are still open to the respondent, as every special demurrer is also a general demurrer, and it is a universal rule that a demurrer, whether special or general, admits only what is well pleaded. All that the petitioner alleges is that he has conformed in all respects to the provisions of the bankrupt act, and that he verily believes that he is entitled to a discharge from his debts. Based upon those allegations, he states that he is aggrieved by the refusal of the district court to grant him a certificate to that effect. Appeals in equity suits and in causes of admiralty and maritime jurisdiction vacate the respective decrees in the subordinate courts, and remove the whole record in the court of paramount jurisdiction; but nothing of the kind is done in a proceeding by petition under the second section of the bankrupt act. An allegation merely that a party has conformed to the provisions of the bankrupt act, and that he is aggrieved because the prayer of his petition has been refused, is not sufficient. Nor is the allegation by a petitioner that he is aggrieved sufficient unless it be also alleged in what the error consists, whether of law or fact; and the nature of the error should be distinctly stated for information of the appellate court and as a matter of notice to the opposite party. Appellate courts, even in appeals, proceed upon the ground that the decree in the subordinate court was correct, and the burden to show error is upon the appellant. [The Baltimore, 8 Wall. (75 U. S.) 378.] [2] Matters of fact as well as matters of law may doubtless be revised in the circuit court, but it was not the intention of congress, in this form of proceeding, to give a party a second trial merely as such, but to secure to him an appellate tribunal for the re-examination and revision of rulings, orders, and decrees of the district courts, and for the reversal of the same in case they are found to be erroneous. Demurrer sustained.